# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JAMES MAHAFFEY and LATIA BRYANT, on behalf of themselves and all others similarly situated, | Case No. |
| Plaintiffs, | **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 *ET SEQ.*** |
| v. | |
| AARON'S, INC., | CLASS ACTION |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiffs James Mahaffey and LaTia Bryant, individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of their counsel, and on information and belief as follows:

## NATURE OF ACTION

1.    In 2009, the FCC cited Aaron's, Inc. ("Aaron's") for violating the Telephone Consumer Protection Act (TCPA), a statute designed to deter companies such as Aaron's from making unwanted telemarketing calls that frustrate and annoy consumers.

2.    In doing so, the FCC warned Aaron's that, "If, after receipt of this citation, you or your company violate the [TCPA] in any manner described herein,

the Commission may impose monetary forfeitures not to exceed . . . $16,000 for each such violation."

3.    Aaron's nonetheless continues to violate the TCPA, both by using a pre-recorded voice in its telemarketing calls and by soliciting consumers at telephone numbers registered on the National Do Not Call Registry.

4.    Plaintiffs bring this action for injunctive relief and statutory damages, on their own behalf and on behalf of those similarly situated, to halt Aaron's violations of the TCPA and provide remuneration to those affected.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because this is a class action where the matter in controversy exceeds $5,000,000, and a named plaintiff or class member is from a different state than a defendant.

6.    This Court also has federal question jurisdiction, 28 U.S.C. § 1331, because this action arises under federal law (the TCPA).

7.    This Court has personal jurisdiction over Aaron's because Aaron's is a Georgia corporation headquartered in Atlanta, Cobb County, Georgia.

8.    Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a) because

Aaron's is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and Aaron's contacts with this District are sufficient to subject it to personal jurisdiction.  Venue is also proper in the Atlanta division of this Court.

## PARTIES

9.     Plaintiff James Mahaffey is a citizen and resident of Kings County, New York.

10.    Plaintiff LaTia Bryant is a citizen and resident of Beauford County, South Carolina.

11.    Defendant Aaron's, Inc. is a Georgia corporation, with its principal place of business in Atlanta, Cobb County, Georgia. The company leases furniture, appliances, and electronic devices.  Aaron's may be served with process through its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092 in Gwinnett County.

## BACKGROUND ON THE TCPA

12.    In 1991, Congress enacted the TCPA in response to a national outcry over the explosion of unsolicited telephone advertising. The Act targeted two relatively new techniques that had enabled telemarketers to disturb more consumers than ever before: the use of automatic telephone dialing systems and

prerecorded voice messages.

13.     The TCPA prohibits callers from using "any automatic telephone dialing system or an artificial or prerecorded voice" to make any non-emergency call to a cell phone, unless they have the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii). The penalties for violating the TCPA include statutory damages of $500 per call, which can be trebled if the court finds the violation to have been willful or knowing. 47 U.S.C. § 227(b).

14.     The TCPA also directed the Federal Communications Commission (FCC) to implement additional methods and procedures for protecting telephone subscribers' privacy rights. 47 U.S.C. § 227(c).

15.     The FCC subsequently established a National Do Not Call Registry and issued regulations that prohibit calls to a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry," if the call is for the purpose of soliciting money in exchange for real property, goods, or services. 47 C.F.R. §§ 64.1200(c)(2) & (f)(14).

16.     Consumers may register their home or mobile phone number on the National Do Not Call Registry by visiting www.donotcall.gov or calling 1-888-382-1222.

17.     The TCPA prescribes harsh penalties for callers who do not respect

-4-

the National Do Not Call Registry. Placing two or more calls to a number on the registry can result in statutory damages of $500 per call.

## FACTUAL ALLEGATIONS

18.    Plaintiff James Mahaffey's personal cell phone has been registered on the National Do Not Call List since 2009. He nonetheless began receiving repeated calls from Aaron's to his cell phone beginning in August 2018.

19.    On at least three occasions, Aaron's left pre-recorded voice messages for Mr. Mahaffey, including twice on August 23 and once on August 24, 2018. The messages were all the same: a pre-recorded voice stating that Aaron's would like to speak to Mr. Mahaffey, and requesting he dial a callback number for Aaron's corporate headquarters.

20.    Mr. Mahaffey had never heard of Aaron's prior to receiving these calls. He had no established business relationship with Aaron's, did not provide prior consent to be called by Aaron's, and did not even know the nature of Aaron's business until he began receiving unsolicited calls from the company.

21.    Plaintiff LaTia Bryant's personal cell phone has been registered on the National Do Not Call List since January 28, 2018. Ms. Bryant had no established business relationship with Aaron's and never consented to be called by Aaron's.

22.    Nonetheless, Ms. Bryant began receiving repeated calls from Aaron's

to her personal cell phone in late September 2018, including calls on September 25, October 1, October 3, October 5, October 8, October 10, and October 12, 2018. Each time, Aaron's left the same pre-recorded voicemail message—identical to the one Mr. Mahaffey received.

23.    Aaron's called Plaintiffs from a variety of different numbers, including: (317) 559-4690; (480) 681-5389; (737) 237-1891; and (213) 213-5227.

24.    As part of its regular business practices, Aaron's routinely calls numbers on the National Do Not Call Registry and leaves pre-recorded voice messages. It has no reasonable system in place to prevent making calls to numbers listed on the National Do Not Call Registry.

## CLASS ACTION ALLEGATIONS

25.    Plaintiffs bring this complaint on behalf of themselves and the following Classes:

**Do Not Call (DNC) Class**

All residential telephone subscribers in the United States whose telephone numbers were on the National Do Not Call Registry, but who received more than one telephone call from Aaron's during any 12-month period for the purpose of soliciting money in exchange for goods or services.

**Pre-Recorded Message (PRM) Class**

All persons residing in the United States who received a call to their cellular or residential telephone that was from Aaron's and utilized a pre-recorded voice, and for whom Aaron's cannot provide evidence that such persons provided Aaron's with their phone number.

26.     Excluded from each proposed class are Aaron's, any entities in which Aaron's has a controlling interest, Aaron's agents and employees, any Judge to whom this action is assigned, and any member of such Judge's staff and immediate family.

27.     This action has been brought and may properly be maintained on behalf of the proposed classes pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

28.     Numerosity: Plaintiffs do not know the exact number of members in the proposed classes but believe the number to be in the thousands. The proposed classes are thus too numerous to practically join in a single action.

29.     Commonality and Predominance: Common questions of law and fact exist as to all members of the proposed classes and predominate over questions affecting only individual class members. These common questions include:

   a.  Whether Aaron's instituted procedures to check the National Do Not Call Registry prior to placing calls soliciting money in exchange for Aaron's goods or services;

   b.  Whether members of the DNC Class received more than one call from Aaron's during a twelve-month period while on the National Do Not Call Registry;

    c.  Whether non-emergency calls made to Plaintiffs and the PRM Class members' mobile phones used an automatic telephone dialing system, or an artificial or pre-recorded voice;

    d.  Whether Aaron's conduct was willful or knowing; and

    e.  Whether Aaron's should be enjoined from such conduct in the future.

30.  <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the proposed classes. Like other class members, each Plaintiff received two or more calls from Aaron's during a twelve-month period, and received voice messages from Aaron's that utilized a pre-recorded voice.

31.  <u>Adequacy</u>: Plaintiffs are adequate representatives of the proposed classes because their interests do not conflict with the interests of the members of the classes they seek to represent. Plaintiffs have retained counsel competent and experienced in complex class action litigation, and Plaintiffs intend to prosecute this action vigorously.

32.  <u>Superiority</u>:  Class treatment is superior to the alternatives available to class members, and is the fairest and most efficient adjudication of the class members' claims against Aaron's. Class treatment will permit a large number of similarly-situated persons to prosecute their common causes of action in a single forum simultaneously and efficiently, without the duplication of effort and expense

and risk of inconsistent judgments that numerous individual actions would entail.

33.    In the alternative, the proposed classes may be certified under Rule 23(b)(2) because Aaron's has acted or refused to act on grounds generally applicable to the proposed classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the classes as a whole.

## FIRST CAUSE OF ACTION

Violation of the TCPA, 47 U.S.C. § 227 *et seq.*
(On Behalf of Plaintiffs and the DNC Class)

34.    Plaintiffs incorporate by reference all preceding allegations, as if set forth fully under this Cause of Action.

35.    Plaintiffs and Defendant are "persons," as defined by 47 U.S.C. § 153(39).

36.    Plaintiffs and DNC Class members are residential telephone subscribers who registered their mobile or home phone numbers on the national do-not-call list.

37.    Plaintiffs and DNC Class members were entitled to have their listings on the National Do Not Call Registry honored indefinitely under 47 C.F.R. § 64.1200(c)(2).

38.    Plaintiffs and DNC Class members received two or more calls from Aaron's during a one-year period, even though Plaintiffs and the DNC Class had

registered on the national do-not-call list more than 31 days prior.

39.    Aaron's calls were for the purpose of encouraging the called party to part with money in exchange for goods or services.

40.    A reasonable person could infer from Aaron's voice messages that the calls were for solicitation purposes.

41.    Plaintiffs and the DNC Class did not provide prior written consent to be called by Aaron's.

42.    Aaron's did not obtain Plaintiffs' and the DNC Class's numbers directly from Plaintiffs and the DNC Class.

43.    Plaintiffs and the DNC Class did not have an established business relationship with Aaron's.

44.    The routine calls placed by Aaron's to Plaintiffs and the DNC Class were not the result of an error.

45.    Aaron's did not adopt adequate policies and procedures to comply with national do-not-call rules or to ensure that it did not purchase databases of phone numbers that included national do-not-call numbers.

46.    The foregoing acts and omissions of Aaron's constitutes numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 et seq.

47.     Plaintiffs and all members of the DNC Class have been harmed by the acts of Aaron's, including, but not limited to, deprivation of use or utility of their phones; invasion of their privacy; annoyance; waste of time; taking up space on their voice mail boxes and cell phone; and depletion of their cellular phone battery, which has a limited number of lifetime charges, before needing replacement.

48.     As a result of Aaron's violations of the TCPA, Plaintiffs and DNC Class members are entitled to an award of $500.00 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

49.     Plaintiffs and DNC Class members are also entitled to and do seek injunctive relief prohibiting Aaron's violation of the TCPA in the future.

## SECOND CAUSE OF ACTION

Violation of the TCPA, 47 U.S.C. § 227 *et seq.*
(On Behalf of Plaintiffs and the PRM Class)

50.     Plaintiffs incorporate by reference all allegations preceding the First Cause of Action, as if fully set forth under this Cause of Action.

51.     Plaintiffs and Defendant are "persons," as defined by 47 U.S.C. § 153(39).

52.     Aaron's placed calls to Plaintiffs and PRM Class members' cellular and residential telephones using an artificial or pre-recorded voice.

53.     The calls were not made for emergency purposes or to collect a debt

owed to the United States or guaranteed by the United States.

54.    Plaintiffs and PRM Class members did not provide their prior express consent for the calls.

55.    Aaron's did not obtain Plaintiffs' and PRM Class members' numbers within the context of an established business relationship.

56.    The foregoing acts and omissions of Aaron's constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 et seq.

57.    Plaintiffs and all members of the PRM Class have been harmed by the acts of Aaron's, including, but not limited to, deprivation of use or utility of their phones; invasion of their privacy; annoyance; waste of time; taking up space on their voice mail boxes and cell phone; and depletion of their cellular phone battery, which has a limited number of lifetime charges, before needing replacement.

58.    As a result of Aaron's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiffs and each member of the PRM Class are entitled to treble damages of up to $1,500.00 for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

59.    Plaintiff and PRM Class members are also entitled to and do seek injunctive relief prohibiting Aaron's from continuing, in the future, the course of

conduct constituting a violation of the TCPA. Plaintiffs and PRM Class members are also entitled to an award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and Class members the following relief against Aaron's:

a. An order certifying the proposed classes and appointing Plaintiffs and their counsel to represent the classes;

b. Monetary damages, including treble damages, as provided by statute;

c. Injunctive relief prohibiting violations of the TCPA by Aaron's in the future;

d. An award of attorneys' fees and costs;

e. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury for all issues so triable.

Respectfully submitted,

Dated: October 19, 2018

/s/*Kenneth S. Canfield*
Kenneth S. Canfield
Ga. Bar. No. 107744
Everette L. Doffermyre
Ga. Bar No. 224750
**Doffermyre Shields Canfield &
Knowles, LLC**
1355 Peachtree Street, NE
Suite 1900
Atlanta, GA 30309
Telephone: 404-881-8900
Facsimile: 404-920-3246
*kcanfield@dsckd.com*
*edoffermyre@dsckd.com*

Eric H. Gibbs (*pro hac vice to be sought*)
David Stein (*pro hac vice to be sought*)
Aaron Blumenthal (*pro hac vice to be
sought*)
**Gibbs Law Group LLP**
505 14th Street, Suite 1110
Oakland, CA  94612
Telephone: 510-350-9700
Facsimile: 510-350-9701
*ehg@classlawgroup.com*
*ds@classlawgroup.com*
*ab@classlawgroup.com*

***Attorneys for Plaintiffs and Proposed
Classes***

-14-